EMPIRE CREAM SEPARATOR COMPANY *vs*. GEORGE H. CURTIS.

Androscoggin.     Opinion November 24, 1923.

*The verdict of the jury clearly wrong and set aside.*

The only defenses urged by the defendant are: one amounting to recoupment, though not pleaded, and a collateral agreement to take back all unsold machines, entered into after the contract of sale.

The evidence to sustain the second defense is wholly inadequate, and clearly of the nature of "dealers talk," and, further, the alleged collateral agreement was without any consideration, and was evidently disregarded by the jury; as upon this defense, if sustained, the plaintiff could in no event have recovered more than two hundred and forty-six dollars.

The jury's verdict must have been based on a right of recoupment for an alleged failure to furnish aid in selling the machines in accordance with the agreement of sale, and that if this defense were available under the pleadings the damages allowed by the jury for the breach and recoupment are clearly excessive.

Hence upon any view of the case the verdict was clearly wrong.

· On motion for a new trial. An action of assumpsit on account annexed to recover for certain milking machines and accessories, sold and delivered to defendant. Plea the general issue. The case was tried before a jury and a verdict for eight hundred and fifty-one dollars and ninety-eight cents was rendered for plaintiff, the amount claimed in the writ being three thousand ninety-eight dollars and sixty-one cents, and plaintiff filed a general motion for a new trial. Motion sustained. New trial granted.

The case is stated in the opinion.

*William H. Newell,* for plaintiff.

*Frank A. Morey,* for defendant.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

WILSON, J. An action of assumpsit to recover for certain milking machines and accessories alleged to have been sold and delivered to the defendant during the year 1920, to the amount of three thousand and ninety-eight dollars and sixty-one cents.

It is admitted that items to the amount of seven hundred and twenty-six dollars and thirty cents should be deducted from the above amount for goods either not delivered to the defendant, or returned and accepted by the plaintiff, leaving a balance claimed by the plaintiff to be due of twenty-three hundred and seventy-two dollars and thirty cents plus interest from November 13th, 1920.

The jury awarded a verdict for eight hundred and fifty-one dollars and ninety-eight cents. The case comes before this court on the plaintiff's motion for a new trial on the usual grounds.

The defendant pleaded the general issue, but according to the report of the evidence it is undisputed that the items sued for, with certain exceptions agreed upon, were sold and delivered to the defendant. The only defenses to the action urged by the defendant were either one of recoupment for failure to carry out an alleged contract under which it is claimed the machines were sold, or a failure to take back all of the machines and accessories which the defendant was unable to sell in accordance with an alleged agreement entered into after the contract of sale.

The evidence of an agreement to take back unsold machines is clearly insufficient to make out a defense on this ground. The

testimony relied upon to establish this defense apparently being nothing more than dealers' talk made long after and collateral to the contract of sale and delivery of the machines, and by a salesman whose authority to bind the plaintiff is not proven, nor does the alleged agreement to take back unsold machines appear to be supported by any consideration. The jury evidently disregarded the defendant's contention on this point, since, if allowed at all, the total amount which the plaintiff could recover on the evidence was two hundred and forty-six dollars, the amount of goods actually sold by the defendant.

The jury's verdict must have, therefore, been based on the defense of recoupment for an alleged failure to furnish assistance to the defendant in demonstrating and selling the machines. But even if this defense were available to the defendant under his pleadings, *McCormick* v. *Sawyer*, 108 Maine, 405, the sum allowed as damages for the alleged breach and in recoupment was clearly excessive. The evidence does not warrant any such reduction in damages for failure to furnish a man to assist in demonstrating and selling the machines, assuming such a breach to have been shown. Hence the verdict upon any view of the case is clearly wrong and must be set aside.

*Motion sustained.*
*New trial granted.*